Marianne T. O'Toole, as Chapter 7 Trustee
22 Valley Road
Katonah, New York 10536

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| DOROTHY SCHWINT, | Case No.: 19-23473 (RDD) |
| Debtor. | |

-------------------------------------------------------------x

## APPLICATION TO EMPLOY LAMONICA HERBST & MANISCALCO, LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE

The application ("Application") of Marianne T. O'Toole, as Chapter 7 Trustee ("Trustee") of the Estate of Dorothy Schwint ("Debtor"), seeks entry of an Order of this Court approving the employment of LaMonica Herbst & Maniscalco, LLP ("LH&M") as her counsel effective as of June 9, 2020, and respectfully represents and alleges:

### BACKGROUND

1. On August 15, 2019 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Court").

2. Marianne T. O'Toole is the Chapter 7 Trustee of the Debtor's estate.

3. In response to question 34 on her original and amended Schedule A/B ("Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims"), the Debtor scheduled a lawsuit relating to medical equipment failure ("Medical Device Claim") with an "unknown" value. See ECF Nos. 1, 13, 15. The Debtor did not assert an exemption for the lawsuit or the Medical Device Claim on her original or amended Schedule C. See id.

1

4. By motion dated May 11, 2020, the Debtor seeks entry of an Order directing the Trustee to abandon the Medical Device Claim ("Debtor's Motion"). See ECF No. 25. On May 29, 2020, the Trustee opposed the Debtor's Motion ("Trustee's Opposition"). See ECF No. 30. The Debtor's Motion is presently returnable July 16, 2020.

5. The Trustee has determined that it is necessary to employ counsel on her behalf in this case to represent her in connection with the Debtor's Motion, the Trustee's Opposition, the Medical Device Claim and her administration of the Debtor's estate.

**RELIEF REQUESTED**

6. By this Application, the Trustee seeks to employ LH&M as her counsel in this case effective as of June 9, 2020. In support of this Application, the Trustee submits the annexed affidavit of Holly R. Holecek, Esq., a partner of LH&M ("Affidavit").

7. The Trustee believes that it is necessary to employ counsel in this case and wishes to retain LH&M. Subject to further Order of this Court and without limitation, LH&M will render the following services to the Trustee and the Debtor's estate:

    a. Provide legal advice and services in connection with the Debtor's Motion, the Trustee's Opposition and the Medical Device Claim;

    b. Provide legal advice on bankruptcy issues with respect to the Trustee's statutory powers and duties;

    c. Prepare and file such motions and applications, as directed by the Trustee, in connection with the Trustee's statutory duties in this case; and

    d. Perform any other legal services for the Trustee in connection with her statutory powers and duties.

8. The Trustee seeks to employ LH&M on an hourly basis. As set forth in the Affidavit, LH&M's current hourly rates are as follows: (a) up to two hundred dollars ($200.00) for para-professionals; (b) up to four hundred and twenty-five dollars ($425.00) for associates; and (c) up to six hundred and thirty-five dollars ($635.00) for partners.

9. As set forth in the Affidavit, LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and Orders of the Court.

10. To the best of the Trustee's knowledge, LH&M has no connection with any interested parties in this case.

11. To the best of the Trustee's knowledge, LH&M does not hold or represent an interest adverse to the Debtor's estate.

12. The Trustee believes that LH&M is well-qualified to act as her counsel and to represent her as the Trustee in this case.

13. Prior to June 9, 2020, LH&M did not render any professional services to the Trustee in this case.

14. LH&M represents or has represented Marianne T. O'Toole in a fiduciary capacity in other matters unrelated to this case, including representing Marianne T. O'Toole in those cases in which she serves or has served as Chapter 7 Trustee and Chapter 11 Trustee.

15. To the best of the Trustee's knowledge, LH&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

16. LH&M has not been paid or promised compensation in contemplation of, or in connection with, the services to be performed for the Trustee in this case.

17. No prior application has been made to this or any other Court for the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests entry of the Order authorizing the retention of LaMonica Herbst & Maniscalco, LLP as counsel to the Chapter 7 Trustee, effective as of June 9, 2020.

Dated: June 12, 2020
      Katonah, New York

                                                       *s/ Marianne T. O'Toole*
                                                       Marianne T. O'Toole, as Chapter 7 Trustee

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                        Chapter 7

DOROTHY SCHWINT,                              Case No.: 19-23473 (RDD)

        Debtor.
---------------------------------------------------------------x

**AFFIDAVIT IN SUPPORT OF APPLICATION TO EMPLOY LAMONICA HERBST & MANISCALCO, LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE**

STATE OF NEW YORK    )
                                  ss.:
COUNTY OF NASSAU     )

HOLLY R. HOLECEK, ESQ., being duly sworn, deposes and says:

1.    I am a partner in LaMonica Herbst & Maniscalco, LLP ("LH&M"), which maintains its offices at 3305 Jerusalem Avenue, Suite 201, Wantagh, New York 11793. I am duly admitted to practice law before this Court and the courts of the State of New York.

2.    I submit this affidavit in support of the application of Marianne T. O'Toole, as Chapter 7 Trustee ("Trustee") of the Estate of Dorothy Schwint ("Debtor"), seeking entry of an Order of this Court approving the employment of LH&M as her counsel effective as of June 9, 2020 ("Application").

3.    Unless otherwise stated in this affidavit, the facts set forth herein are based upon personal knowledge, my review of information on the docket in this case, as well as information that has been provided to me. To the extent any information disclosed herein requires the subsequent amendment or modification of this affidavit upon LH&M's completion of further review and analysis or as additional party-in-interest information becomes available to it, a

1

supplemental affidavit disclosing such information will be filed with the Court reflecting such amended or modified information.

4. LH&M possesses the requisite experience and expertise to advise the Trustee as her counsel in this case. LH&M has extensive experience representing Chapter 7 and Chapter 11 trustees and is well versed in the Chapter 7 process. LH&M is prepared to advise and assist the Trustee in her administration of the Debtor's estate. I, along with my partner Salvatore LaMonica, Esq., will be primarily responsible for LH&M's representation of the Trustee in this case.

5. The Trustee contacted LH&M on or about June 9, 2020 and LH&M began providing services to the Trustee and the estate on that date. Prior to June 9, 2020, LH&M did not render any professional services to the Trustee in this case.

6. To the best of my knowledge, after due inquiry, neither I, LH&M, nor any partner, counsel or associate of LH&M represents any entity or party in interest other than the Trustee in connection with this case.

7. LH&M represents or has represented Marianne T. O'Toole in a fiduciary capacity in other matters unrelated to this case, including representing Marianne T. O'Toole in those cases in which she serves or has served as Chapter 7 Trustee and Chapter 11 Trustee.

8. To the best of my knowledge, LH&M is not connected with the Debtor, the Debtor's creditors, other parties in interest, their attorneys or accountants, the United States Trustee or any person employed by the Office of the United States Trustee.

9. To the best of my knowledge, LH&M does not, by reason of any direct or indirect relationship to or connection with the Debtor or other parties in interest, hold or represent any interest adverse to the Debtor or to the Debtor's estate.

10. LH&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that LH&M also: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

11. In preparing this Affidavit, I used a set of procedures developed by LH&M to ensure compliance with the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by a trustee under the Bankruptcy Code. I, along with partners, conducted a search of LH&M's client database to determine whether LH&M had any connections to the Debtor. It does not.

12. I do not believe that LH&M holds or represents an interest adverse to the Debtor or her estate.

13. LH&M regularly updates its client database and does not open any new matter without reviewing the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.

14. LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York and Orders of the Court.

15. LH&M's current hourly rates are as follows: (a) up to two hundred dollars ($200.00) for para-professionals; (b) up to four hundred and twenty-five dollars ($425.00) for associates; and (c) up to six hundred and thirty-five dollars ($635.00) for partners.

16. Neither I, nor LH&M, nor any partner or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with this case other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York.

17. LH&M has not agreed to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among partners of LH&M.

*s/ Holly R. Holecek*
Holly R. Holecek, Esq.

Sworn to before me this 12th day of June 2020

*s/ Melanie A. FitzGerald*
Melanie A. FitzGerald
Notary Public, State of New York
No. 02FI4841188
Qualified in Nassau County
Commission Expires December 31, 2021